UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN KAE SHOEN,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:21-cv-763

# OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including entry of an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker may properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on January 23, 2020, alleging that she had been disabled as of December 10, 2018, due to bipolar disorder, depression, and post-traumatic stress disorder (PTSD). (PageID.93–94, 188–89.) Plaintiff was 28 years old at the time of her alleged

2

onset date and 29 years old when she filed her application. (PageID.93.) Plaintiff had completed two years of college. (PageID.227.) Plaintiff's past work was as a bartender and a waitress. (PageID.47, 227.) After Plaintiff's applications were denied initially and on reconsideration, she requested a hearing before an Administrative Law Judge (ALJ).

On March 17, 2021, ALJ David Read held a hearing by telephone and received testimony from Plaintiff and David E. Huntington, an impartial vocational expert. (PageID.54–88.) At the hearing, Plaintiff amended her alleged onset date to September 1, 2019. (PageID.61–62.) On March 29, 2021, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she had not been disabled since her amended alleged onset date through the date of the decision. (PageID.37–49.) The Appeals Council denied Plaintiff's request for review on July 30, 2021. (PageID.22–24.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007).

Plaintiff initiated this civil action for judicial review on September 1, 2021.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations set forth a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31 2024, and had not engaged in substantial gainful activity since her amended alleged onset date, the ALJ found that Plaintiff suffered from severe impairments of bipolar disorder, PTSD, and substance abuse. (PageID.39.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ considered listings 12.04 and 12.15. (PageID.40–41.)

The ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels, except that she is limited to no production-rate work and occasional changes in tasks or demands. (PageID.41.) At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a bartender and a waitress. (PageID.47.) Alternatively, he found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of kitchen helper, cook helper, and hand packager, approximately 258,000 of which existed in the national economy. (PageID.48.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ found that Plaintiff was not disabled.

## **DISCUSSION**

Plaintiff raises two issues in her appeal: (1) the ALJ committed reversible error by failing to properly consider Plaintiff's 100% VA disability rating; and (2) the appointment of Andrew Saul as a single Commissioner of the Social Security Administration who is removable only for cause and who serves a longer term than that of the President of the United States violates the separation of powers provision and thus causes the decision in this case to be constitutionally defective because the ALJ and the Appeals Council derived their authority from Saul. (ECF No. 10 at PageID.2077.)

## I.     VA Disability Rating

The ALJ acknowledged in his decision that Plaintiff had received a 100% disability rating from the Veterans Administration (VA) about a year before the administrative hearing.

5

(PageID.42, 45.) He also cited Plaintiff's VA mental health treatment records throughout the decision. (PageID.43–44.) However, he did not consider Plaintiff's 100% VA disability rating in making his disability finding because, under 20 C.F.R. § 404.1520b(c), such evidence is considered not inherently valuable or persuasive. Still, the ALJ confirmed that he "did consider the underlying medical evidence in determining this case." (PageID.46.)

Citing *King v. Commissioner of Social Security*, 779 F. Supp. 2d 721 (E.D. Mich. 2011), and *Stewart v. Heckler*, 730 F.2d 1065 (6th Cir. 1984), Plaintiff argues that the ALJ was required to do more than simply consider the evidence underlying the VA's disability rating. Instead, she contends that the ALJ was required to articulate his reasons for crediting or rejecting the VA rating. (ECF No. 10 at PageID.2078.)

Plaintiff's argument lacks merit. As the Commissioner notes, because Plaintiff filed her claim after March 27, 2017, the ALJ was bound to apply 20 C.F.R. § 404.1520b(c), which applies to cases filed after that date. Under that regulation, certain evidence is deemed "inherently neither valuable nor persuasive to the issue of whether [the claimant is] disabled." 20 C.F.R. § 404.1520b(c). Thus, an ALJ "will not provide any analysis about how [h]e considered such evidence in [his] decision." *Id.* The list of evidence includes disability findings and decisions by other governmental agencies. *Id.* § 404.1520b(c)(1). As to such evidence, the Social Security Administration explains:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers—make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or

6

> decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 404.1504. Thus, the applicable regulation refutes Plaintiff's contention that the ALJ failed and/or was required to analyze or weigh the VA's disability rating. *See Raymond R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-539, 2022 WL 1590817, at *3–4 (S.D. Ohio May 19, 2022) (noting that "the ALJ was not required to provide any analysis concerning plaintiff's disability rating from the VA"); *Gentry v. Saul*, No. 3:19-cv-778, 2020 WL 5100848, at *8–9 (M.D. Tenn. Aug. 10, 2020), *report and recommendation adopted*, 2020 WL 5096952 (Aug. 28, 2020) ("[The ALJ was not required to provide any analysis about how he considered the VA disability determination, which he found to be neither inherently valuable nor persuasive. Thus, Plaintiff's argument on this count fails."). The cases Plaintiff cites were decided before the applicable regulations were adopted and, therefore, are inapplicable to this case. Moreover, the ALJ appropriately considered all of the evidence underlying the VA's determination.

Plaintiff raises a number of new arguments in her reply brief, but a reply is an inappropriate vehicle for presenting arguments to a court for the first time. Allowing such a practice deprives the opposing party of a fair chance to respond. Because courts routinely decline to consider arguments or issues raised for the first time in a reply brief, *see Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (raising an argument for the first time in a reply is not proper and deprives the non-moving party of an opportunity to respond); *Blandford v. Exxon Mobil Corp.*, 483 F. App'x 153, 161 (6th Cir. 2012) ("This court has consistently held that arguments raised for the first time in a reply brief are waived."), the Court deems Plaintiff's new arguments waived.

Therefore, this ground is rejected.

## II.  Separation of Powers Issue

Plaintiff also argues that she is entitled to relief on constitutional grounds. Specifically, she contends that the Social Security Administration's structure is constitutionally invalid because it violates the President's authority to supervise and remove executive branch officials. Plaintiff says that due to this unconstitutional structure, under which the Commissioner of Social Security was unlawfully appointed, the Commissioner had no valid authority to delegate to ALJs and the Appeals Council the task of finding facts and resolving claims for disability benefits. Plaintiff further argues that as a result of this constitutionally invalid structure, her hearing before the ALJ, the ALJ's decision, the adjudication process before the Appeals Council, and the Appeals Council's adjudication of his appeal, were all constitutionally invalid.

In rejecting this same argument, one court recently explained:

> The Court first finds that Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused his alleged harm. In *Collins*, the Court reasoned that the relevant agency officials were "properly appointed" pursuant to a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787, 1788 n.23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment and offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. The Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.

*Boger v. Kijakazi*, No. 1:20-CV-331-KDB, 2021 WL 5023141 at *3 (W.D.N.C. Oct. 28, 2021). The Court finds this rationale persuasive and notes that many other courts have likewise rejected

this argument.[2] Plaintiff offers no evidence and makes only conclusory arguments that there exists a nexus between the allegedly unconstitutional removal restriction and the denial of his application for benefits. This is insufficient under *Collins*, 141 S. Ct. at 1789. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is **affirmed**. An order consistent with this opinion will enter.

Dated: August 8, 2022  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

---

[2] *See, e.g., Jones v. Kijakazi*, 2022 WL 1016610 at *12 (D. Del. Apr. 5, 2022); *Michelle D. v. Kijakazi*, 2022 WL 972280 at *6 (N.D. Ill. Mar. 31, 2022); *Michael H. v. Comm'r of Soc. Sec.*, 2022 WL 768658 at *15-18 (W.D.N.Y. Mar. 14, 2022); *Tucker v. Kijakazi*, 2022 WL 742744 at *2-3 (S.D. Fla. Mar. 11, 2022); *Burrell v. Kijakazi*, 2022 WL 742841 at *5 (E.D. Pa. Mar. 10, 2022); *Platt v. Comm'r of Soc. Sec.*, 2022 WL 621974 at *5-6 (S.D.N.Y. Mar. 3, 2022); *Juliana Jolean A. v. Kijakazi*, 2022 WL 595361 at *1-5 (N.D.N.Y. Feb. 28, 2022); *Jason V. v. Comm'r of Soc. Sec.*, 2022 WL 575703 at *5-7 (W.D. Wash. Feb. 25, 2022); *Colbert v. Comm'r of Soc. Sec. Admin.*, 2022 WL 556738 at *2 (N.D. Ohio Feb. 24, 2022); *Kathy R. v. Kijakazi*, 2022 WL 42916 at *3-5 (D. Me. Jan. 5, 2022), *adopted by* 2022 WL 558359 (D. Me. Feb. 24, 2022); *Kreibich v. Kijakazi*, 2022 WL 538261 at *6 (W.D. Wis. Feb. 23, 2022); *Taffe v. Kijakazi*, 2022 WL 542884 at *9-11 (S.D. Cal. Feb. 22, 2022); *Kowalski v. Kijakazi*, 2022 WL 526094 at *9-12 (M.D. Pa. Feb. 22, 2022); *Twila D. B. v. Kijakazi*, 2022 WL 425936, at *2-4 (C.D. Cal. Feb. 10, 2022); *Pepper v. Kijakazi*, 2022 WL 391577 at *2-3 (D.S.C. Feb. 9, 2022); *Rhonda W. v. Comm'r of Soc. Sec.*, 2022 WL 390802 at *6-8 (S.D. Ohio Feb. 9, 2022); *Vickery v. Comm'r of Soc. Sec.*, 2022 WL 252464 (M.D. Fla. Jan. 27, 2022); *Carla D. v. Kijakazi*, 2022 WL 264460 at *1-3 (E.D. Wash. Jan. 27, 2022); *Ramos v. Comm'r of Soc. Sec.*, 2022 WL 105108 at *2-4 (E.D. Cal. Jan. 11, 2022); *Nudelman v. Comm'r of Soc. Sec. Admin.*, 2022 WL 101213 at *10-13 (D. Ariz. Jan 11, 2022); *Mor v. Kijakazi*, 2022 WL 73510 at *3-5 (D.N.J. Jan. 7, 2022); *Hutchens v. Kijakazi*, 2021 WL 5834409 at *6-14 (M.D.N.C. Dec. 9, 2021), *adopted by* ECF No. 24 (M.D.N.C. Jan. 5, 2022); *Olimpiada v. Kijakazi*, 2022 WL 19678 at *4-5 (D. Nev. Jan. 3, 2022); *Benavidez v. Kijakazi,* 2021 WL 6062715 at *4 (D.N.M. Dec. 22, 2021); *Wybo v. Kijakazi,* 2021 WL 6052423 at *4 (E.D. Ky. Dec. 21, 2021); *Nathanial H. v. Kijakazi*, 575 F. Supp. 3d 1305, 1310-1313 (D. Or. Dec. 15, 2021); *Clark v. Kijakazi*, 2021 WL 5905942 at *3-4 (E.D. Wis. Dec. 14, 2021); *Alice T. v. Kijakazi*, 2021 WL 5302141 at *18-19 (D. Neb. Nov. 15, 2021); *Robinson v. Kijakazi,* 2021 WL 4998397 at *3 (W.D.N.C. Oct. 27, 2021).